IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAMBERT GEORGE CHAMBERS,  )  No. C 09-01382 JW (PR)
            )
            Plaintiff,  )  ORDER OF DISMISSAL WITH
            )  LEAVE TO AMEND
  vs.       )
            )
J. DANE, et al.,  )
            )
            Defendants.  )
_____ )

Plaintiff, a California state inmate incarcerated at Salinas Valley State Prison ("SVSP") in Soledad, California, has filed a pro se civil rights action under 42 U.S.C. § 1983 alleging claims against SVSP officials for unconstitutional acts. Plaintiff seeks compensatory and punitive damages. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

1  claims or dismiss the complaint, or any portion of the complaint, if the complaint "is

2  frivolous, malicious, or fails to state a claim upon which relief may be granted," or

3  "seeks monetary relief from a defendant who is immune from such relief." Id. §

4  1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v.

5  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

6      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

7  elements: (1) that a right secured by the Constitution or laws of the United States

8  was violated, and (2) that the alleged violation was committed by a person acting

9  under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

10  B.    Plaintiff's Claims

11      1.    Eighth Amendment

12      Plaintiff alleges that on August 4, 2005, defendants Correctional Officers

13  Dane and Campos were involved in a conspiracy to provoke inmate Brown into

14  attacking plaintiff, resulting in severe damage to plaintiff's left eye and head trauma.

15  (Compl. at 3-G.) Plaintiff alleges that defendants Dane and Campos knew that

16  inmate Brown had made verbal threats and tried to incite others to violence against

17  plaintiff earlier that day. (Id.) Plaintiff alleges that defendants' actions constitute

18  cruel and unusual punishment in violation of his Eighth Amendment rights. (Id. at

19  3-H.) Liberally construed, plaintiff's claim against Defendants Dane and Campos is

20  cognizable under § 1983. See Farmer v. Brennan, 511 U.S. 825, 832 (1994).

21  Defendant inmate Brown is DISMISSED from this action as plaintiff has failed to

22  show that defendant Brown was a person acting under the color of state law. See

23  West v. Atkins, 478 U.S. at 48.

24      2.    Due Process

25      Plaintiff alleges that the actions of Defendants Dane and Campos also

26  violated his right to due process under the Fourth and Fourteenth Amendments. The

27  Due Process Clause of the Fourteenth Amendment protects individuals against

28  governmental deprivations of "life, liberty or property," as those words have been

Order Dismissal with Leave to Amend
P:\PRO-SE\SJ.JW\CR.09\Chambers01382_dwlta.wpd    2

interpreted and given meaning over the life of our republic, without due process of law.  Board of Regents v. Roth, 408 U.S. 564, 570-71 (1972); Mullins v. Oregon, 57 F.3d 789, 795 (9th Cir. 1995).  The touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness (i.e., denial of procedural due process guarantees) or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective (i.e., denial of substantive due process guarantees).  See County of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998).  Plaintiff's allegation is merely conclusory and fails to identify the protected interest that was violated by Defendants' failure to provide procedural protections or what substantive due process was implicated by Defendants' actions.  Moreover, where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, e.g., the Takings Clause of the Fifth Amendment, that Amendment, not the more generalized notion of "substantive due process," must be used to analyze such claims.  Albright v. Oliver, 510 U.S. 266, 273 (1994) (citing Graham v. Connor, 490 U.S. 386, 395 (1989)); Picray v. Sealock, 138 F.3d 767, 770 (9th Cir. 1998).  Substantive due process does not extend to circumstances already addressed by other constitutional provisions.  See Albright, 510 U.S. at 273 (constitutionality of arrest may only be challenged under Fourth Amendment); Fontana v. Haskin, 262 F.3d 871, 882 & n.6 (9th Cir. 2001) (sexual harassment by a police officer of criminal suspect during seizure is analyzed under Fourth Amendment, whereas sexual misconduct by officer toward another generally is analyzed under substantive due process); Johnson v. California, 207 F.3d 650, 656 (9th Cir. 2000) (substantive due process claim improper when Equal Protection Clause covers racially discriminatory actions alleged), overruled on other grounds by Johnson v. California, 543 U.S. 499 (2005); Armendariz II, 75 F.3d at 1325-26 (dismissing substantive due process claim where conduct alleged is type of action regulated by Fourth and Fifth Amendments).  Plaintiff's claim is

1  squarely addressed by the Eighth Amendment.  Accordingly, this due process claim
2  is DISMISSED with prejudice.
3       Plaintiff claims that Defendants McVey, Plaza, Dane and Campos violated
4  his rights by failing to charge inmate Brown with disciplinary violations or referring
5  the matter for criminal prosecution.  (Compl. at 3-H.) Plaintiff alleges that this
6  failure violated his rights under the Fourth and Fourteenth Amendments.  (Id.)
7  However, the alleged failure by Defendants to punish inmate Brown does not
8  implicate plaintiff's rights to "life, liberty or property" without due process of law or
9  any of plaintiff's rights under the Fourth Amendment. Accordingly, this claim is
10  DISMISSED with prejudice for failure to state a claim.

     3.    <u>Claims Against Defendants Lee and Evans</u>

     Plaintiff alleges generally that defendants Dr. Charles Lee and Warden M. S. Evans failed to provide the following: 1) "follow-up treatment, possible surgery, and rehabilitation to the injuries to Plaintiff's eye... and head," and; 2) "treatment for the psychological, psychiatric, and/or causal damage plaintiff received due to the assault and battery perpetrated on him."  Plaintiff alleges these failures constitute deliberate indifference to his serious medical needs.  (Id. at 3-H, 3-I.)  Plaintiff also alleges that defendants are liable under state tort law for their negligent acts.  (Id.)

     Plaintiff's claim lacks sufficient factual allegations to show how and when defendants Lee and Evans specifically acted to deprive plaintiff of his constitutional rights.  At the most, plaintiff's claim may be construed as an attempt to allege supervisor liability against defendants Lee and Evans.  A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and

Order Dismissal with Leave to Amend
P:\PRO-SE\SJ.JW\CR.09\Chambers01382_dwlta.wpd     4

failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). An administrator may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's request for help. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006).[1] "It has long been clearly established that '[s]upervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.'" Preschooler II v. Davis, 479 F.3d 1175, 1183 (9th Cir. 2007) (citations omitted).

Plaintiff's allegations are conclusory and lacks facts showing defendants' personal involvement in the constitutional deprivation and the causal connection between their wrongful conduct and the constitutional violation. See Redman, 942 F.2d at 1446. Furthermore, under no circumstances is there respondeat superior liability under section 1983. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984); accord Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under respondeat superior theory).[2]

Plaintiff shall be given leave to amend to attempt to allege facts sufficient to show that defendants Lee and Evans are liable as supervisors in accordance with the above or specific allegations to show their direct liability under § 1983.

---

[1] Evidence of a prisoner's letter to an administrator alerting him to a constitutional violation is sufficient to generate a genuine issue of material fact as to whether the administrator was aware of the violation, even if he denies knowledge and there is no evidence the letter was received. Jett, 439 F.3d at 1098.

[2] A state statute which imposes vicarious liability does not alter this. See Palmer v. Sanderson, 9 F.3d 1433, 1438 (9th Cir. 1993) (state statute imposing vicarious liability may not serve as basis for imposing liability in § 1983 case).

Order Dismissal with Leave to Amend
P:\PRO-SE\SJ.JW\CR.09\Chambers01382_dwlta.wpd          5

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend, as indicated above. Within **thirty (30) days** of the date this order is filed, plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 09-01382 JW ( PR). Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff shall not include the claims which have been dismissed with prejudice as stated above. Plaintiff may not incorporate material from the original complaint by reference.

Alternatively, plaintiff may move for the Court to strike the claims against defendants Lee and Evans from the original complaint and proceed only on the Eighth Amendment claims against defendants Dane and Campos.

2. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

3. The clerk shall terminate defendants Brown, McVey and Plaza from this action as all claims against them have been dismissed.

The clerk shall enclose a copy of the court's form complaint with a copy of this order to plaintiff.

DATED: July 27, 2009

JAMES WARE
United States District Judge

Order Dismissal with Leave to Amend
P:\PRO-SE\SJ.JW\CR.09\Chambers01382_dwlta.wpd      6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMBERT G. CHAMBERS,<br><br>            Plaintiff,<br><br>   v.<br><br>J. DANE, et al.,<br><br>            Defendants.       / | Case Number: CV09-01382 JW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on    July 27, 2009   , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lambert George Chambers C-17074
Salinas Valley State Prison
P. O. Box 1020
Soledad, CA 93960


Dated:    July 27, 2009

                              Richard W. Wieking, Clerk
                              /s/By: Elizabeth Garcia, Deputy Clerk