*E-Filed 8/11/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAMBERT G. CHAMBERS, | No. C 09-1382 RS (PR) |
| Plaintiff, | **ORDER OF SERVICE;** |
| v. | **DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;** |
| J. DANE, et al., | |
| Defendants. | **INSTRUCTIONS TO CLERK** |

This is a federal civil rights action filed by a *pro se* state prisoner pursuant to 42 U.S.C. § 1983 against defendants, officials and employees of Salinas Valley State Prison. The original complaint was dismissed with leave to amend. Plaintiff has filed an amended complaint. The Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915A(a).

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of it, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such

relief." *Id.* § 1915A(b). Pro se pleadings must nonetheless be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## BACKGROUND

Plaintiff alleges that (1) defendants Dane and Campos violated his Eighth Amendment rights by inciting other inmates to commit violence on plaintiff; and (2) Lee and Evans provided constitutionally inadequate medical care in violation of the Eighth Amendment.

### (1) Defendants Dane and Campos

Plaintiff alleges that Correctional Officers Dane and Campos were involved in a conspiracy to provoke inmate Brown into attacking plaintiff, resulting in severe damage to plaintiff's left eye and head trauma. Plaintiff alleges that defendants Dane and Campos knew that inmate Brown had made verbal threats and tried to incite others to violence against plaintiff earlier that day. Plaintiff alleges that defendants' actions constitute cruel and unusual punishment in violation of his Eighth Amendment rights. Liberally construed, plaintiff's claim against Defendants Dane and Campos is cognizable under § 1983. See Farmer v. Brennan, 511 U.S. 825, 832 (1994).

### (2) Defendants Lee and Evans

Plaintiff reiterates the same claims against Lee and Evans that were dismissed by the Court. Accordingly, plaintiff's claims against Lee and Evans are DISMISSED with prejudice.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all

attachments thereto, and a copy of this order upon the following defendants at Salinas Valley State Prison: correctional officers J. Dane and Campos. The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

    3. No later than ninety (90) days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

        a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119–20 (9th Cir. 2003), cert. denied *Alameida v. Terhune*, 540 U.S. 810 (2003).

        b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

        a. In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:

The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply

1    rely on what your complaint says.  Instead, you must set out specific facts in declarations,
2    depositions, answers to interrogatories, or documents, that contradict the facts shown in the
3    defendant's declarations and documents and show that you have in fact exhausted your
4    claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if
5    appropriate, may be granted and the case dismissed.

6               b.      In the event defendants file a motion for summary judgment,
7    the Ninth Circuit has held that the following notice should be given to plaintiffs:

8               The defendants have made a motion for summary  judgment by which they
9    seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the
10   Federal Rules of Civil Procedure will, if granted, end your case.

11              Rule 56 tells you what you must do in order to oppose a motion for summary
12   judgment.  Generally, summary judgment must be granted when there is no genuine issue of
13   material fact — that is,  if there is no real dispute about any fact that would affect the result
14   of your case, the party who asked for summary judgment is entitled to judgment as a matter
15   of law, which will end your case.  When a party you are suing makes a motion for summary
16   judgment that is properly supported by declarations (or other sworn testimony), you cannot
17   simply rely on what your complaint says.  Instead, you must set out specific facts in
18   declarations, depositions, answers to interrogatories, or authenticated documents, as provided
19   in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents
20   and show that there is a genuine issue of material fact for trial.  If you do not submit your
21   own evidence in opposition, summary judgment, if appropriate, may be entered against you.
22   If summary judgment is granted in favor of defendants, your case will be dismissed and there
23   will be no trial.  *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff
24   is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v.*
25   *Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward
26   with evidence showing triable issues of material fact on every essential element of his claim).
27   Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary
28

judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11. Plaintiff's claims against Lee and Evans are DISMISSED with prejudice.

**IT IS SO ORDERED**.

DATED: August 10, 2010

RICHARD SEEBORG
United States District Judge