*E-Filed 11/22/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAMBERT G. CHAMBERS, | No. C 09-1382 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| J. DANE, et al., | |
| Defendants. | |

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. Defendants move to dismiss the complaint on grounds that it is barred by the statute of limitations. For the reasons stated herein, defendants' motion is GRANTED, and the action DISMISSED.

Plaintiff, who is serving a sentence of life without the possibility of parole for first degree murder,[1] alleges that defendants Dane and Campos, correctional officers at Salinas Valley State Prison, violated his Eighth Amendment rights by inciting other inmates to commit violence on plaintiff. Plaintiff alleges that the injuries occurred on August 4, 2005. (Pl.'s Opp. to MTD at 1.) Plaintiff filed the instant federal civil rights action on March 30,

---

[1] Defs.' Mot. to Dismiss ("MTD"), Req. for Judicial Notice, Ex. A.)

2009.

Section 1983 takes its limitations period from the forum state's statute of limitations for personal injury torts, *see Wilson v. Garcia*, 471 U.S. 261, 276 (1985), which, in California, is two years, *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). This two-year statute of limitations period is tolled for two years if the plaintiff is a prisoner serving a term of less than life thus giving such prisoners effectively four years to file a federal suit. *See* Cal. Civ. Proc. Code § 352.1(a). A prisoner-plaintiff, such as the one in the instant matter, who is serving a sentence of life without the possibility of parole, however, is not entitled to the two-year tolling period. *Ross v. Olivarez*, 88 Fed.Appx. 233 (9th Cir. 2004). Accordingly, the filing deadline for his federal action was August 4, 2007. Plaintiff did not file the action until March 30, 2009, well past the filing deadline. Thus, plaintiff's action is barred by the statute of limitations, and must be dismissed.

Plaintiff asserts, however, that he is entitled to equitable tolling because he was pursuing his claims in state court diligently. There are two doctrines which may apply to extend the limitations period on equitable grounds — equitable tolling and equitable estoppel. *Zolotarev v. San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008). Equitable tolling focuses on "whether there was excusable delay by the plaintiff: if a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002). "Equitable estoppel, on the other hand, focuses primarily on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as 'fraudulent concealment.'" *Zolotarev*, 535 F.3d at 1051 (citing *Johnson*, 314 F.3d at 414). Plaintiff has not shown that he is entitled to equitable tolling or equitable estoppel. As to equitable tolling, the record shows that plaintiff knew of the existence of his claim well before the statute of limitations expired. As to equitable estoppel, there is nothing in the record to indicate that defendants prevented plaintiff from filing suit.

Based on the foregoing, defendants' motion to dismiss (Docket No. 34) is GRANTED, and the action is hereby DISMISSED.  Plaintiff's application for a preliminary injunction (Docket No. 26), and his motion to calendar a hearing for such motion (Docket No. 33), are DENIED as moot.  The Clerk shall enter judgment in favor of defendants, terminate the pending motions, and close the file.  This order terminates Docket Nos. 26, 33, and 34.

**IT IS SO ORDERED**.

DATED:  November 22, 2010

_____
RICHARD SEEBORG
United States District Judge